## AVILA, et al. v BIRD LAKES DEVELOPMENT CORPORATION, et al.

### Case No. 86-139 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

September 1, 1987

### APPEARANCES OF COUNSEL

**Renee R. Pelzman, Levine, Busch, Schnepper & Stein,** for appellants.

**Robert A. Ginsburg,** County Attorney, Robert L. Krawchek, Assistant County Attorney, and **John G. Fletcher** for appellees.

Before TENDRICH, BARAD, ROBINSON, JJ.

### OPINION OF THE COURT

BARAD, Judge.

This appeal is taken from a resolution of the Dade County Board of County Commissioners approving the rezoning of a 9.91 acre tract of property from RU-1 residential to BU-1A limited business for the purpose of constructing a neighborhood shopping center.

The request to rezone the 9.91 acre tract for commercial develop-

ment is a modification of a previously denied request to rezone an 18 acre parent tract which contains the subject 9.91 acre property. Upon the recommendation of the Metro-Dade Building and Zoning Department and after a public hearing, the County Commission approved the rezoning for the down-scaled project. This approval, however, is contingent upon development of the property in accordance with the Declaration of Restrictions as proffered by the applicants. In part, the restrictions provide for (a) the expansion, at the developer's expense, of S.W. 147th Avenue and S.W. 56th Street; (b) 24.4% landscaping including landscaped buffer areas along all property lines; (c) restricted access to minimize traffic impact on residential neighborhoods; and (d) 433 parking spaces instead of the required 418. This appeal followed.

A county has the right and power, within the confines of applicable enabling statutes, to adopt zoning ordinances or regulations. Such zoning ordinances or regulations are, like other legislative acts, presumed valid. If the application of a zoning classification to a specific parcel of property is reasonably subject to disagreement, that is, if its application is fairly debatable, then the application of the ordinance by the zoning authority should not be disturbed by the courts. *Davis v. Sails*, 318 So.2d 214 (Fla. 1st DCA 1975).

From a review of the record sub judice, it can be concluded that the actions of the County Commission were fairly debatable. The fact that the Metropolitan Dade County Building and Zoning Department recommended approval of the rezoning and the Metropolitan Dade County Planning Department recommended denial of the rezoning reinforces the conclusion that the actions of the Commission were fairly debatable and should therefore not be interfered with by this court.

Additionally, those who seek to set aside a zoning decision must clearly demonstrate that the zoning regulation does not bear a substantial relation to the public health, safety, morals or welfare. *Allapattah Community v. City of Miami*, 379 So.2d 387 (Fla. 3d DCA 1980). The appellants have failed to do this.

The decision of the County Commission is therefore affirmed.

ROBINSON, J., concurs.

TENDRICH, J. Dissents:

I respectfully dissent. In my opinion the record does not support a finding that the application is fairly debatable. While the two County departments differed in their recommendation; Building and Zoning for approval, Planning Department against approval, there was no compe-

tent and substantial evidence to support the rezoning resolution. The same board that approved this application, barely a month prior, denied a large proposal on the same property. This is just one more shopping center in an area loaded with shopping centers. The record, in my opinion, does not support the rezoning resolution and accordingly, I dissent.